**Pennsylvania Company and Chicago & Alton Railroad Company, Appellees, v. Erie Railroad Company, Appellant.**

**Gen. No. 22,830.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917. Rehearing denied April 30, 1917.

## Statement of the Case.

Action by the Pennsylvania Company, a corporation, and the Chicago & Alton Railroad Company, a corporation, plaintiffs, against the Erie Railroad Company, a corporation, defendant, to recover dam-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CCV 19

ages for injury to a caisson sunk by plaintiffs in connection with the construction of a bridge and struck by defendant's steamer while navigating in the Chicago River. From a judgment for plaintiffs for $11,-500, defendant appeals.

W. O. JOHNSON and BULL & JOHNSON, for appellant; ROBERT J. FOLONIE and GEORGE C. GALE, of counsel.

LOESCH, SCOFIELD, LOESCH & RICHARDS and WINSTON, PAYNE, STRAWN & SHAW, for appellees; SILAS H. STRAWN, JAMES STILLWELL and WALTER H. JACOBS, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. COLLISION, § 4*—*when negligent management of steamer is sole cause of injury to caisson.* In an action for damages for injury to a caisson through its being struck by a steamer of the defendant which was being navigated in the daytime in a navigable river, where it appeared that such caisson had been sunk by the plaintiffs in connection with the construction of a new railroad bridge, and that it was twenty-eight feet long by sixteen feet wide, and projected four feet above the water, and closed the south draw of the old bridge so that vessels could use only the north draw, which facts were known to the captain of the steamer and to the captain of the tug having the same in tow, and, in approaching the bridge, which was swung to let the steamer pass, the latter should have retarded its speed in order to get through the proper draw, but instead went ahead at full speed, *held* that the sole cause of the accident was the negligent management of the steamer, unaffected either by the conduct of the captain of the tug or those in charge of the bridge.

2. COLLISION—*when lack of permit for bridge and caisson is not defense to action for injury to caisson.* In an action for damages for injury to a caisson through its being struck by a steamer of the defendant which was being navigated in the day-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

time in a navigable river, where it appeared that such caisson had been sunk by the plaintiffs in connection with the construction of a new railroad bridge, and that it was twenty-eight feet long by sixteen feet wide, and projected four feet above the water, and closed the south draw of the old bridge so that vessels could use only the north draw, which facts were known to the captain of the steamer and to the captain of the tug having the same in tow, and, in approaching the bridge, which was swung to let the steamer pass, the latter should have retarded its speed in order to get through the proper draw, but instead went ahead at full speed, and defendant contended that the lack of a city permit for the bridge and caisson constituted a defense, *held* that, as the negligent management of the steamer was the sole cause of the accident, the lack of a permit had no causal connection whatever with the occurrence and was therefore not a defense to the suit.

3. COLLISION—*when exclusion of ordinances is not erroneous.* The exclusion of city ordinances in an action for damages for injury to a caisson through its being struck by a steamer is not error where the violation of such ordinances had no causal connection with the occurrence in question.